LOUIS GUARMACCIA
*vs.*
STEPHEN WIECENSKI ET AL.

Superior Court      New London County      File No. 14432

MEMORANDUM FILED JULY 14, 1942.

*Schatz & Weinstein,* of Hartford, for the Plaintiff.

*Geary, Davis & Keefe,* of New London, for the Defendants.

Memorandum of decision on motion to set verdict aside.

BALDWIN, J. On August 12, 1940, the defendants, Stephen and Josephine Wiecenski, were the owners of a Chevrolet dump truck. This truck had a closed metal cab in which the seating capacity would accommodate the operator and one other person. It had also a steel dump body, the sides of which were approximately 18 inches high. The forward end of the body came rather close to the outside rear of the cab, there being sufficient space only to admit of the raising of the forward end of the body to dump it. Across the forward end of the body planks had been secured upon edge so that the edge at the top was approximately six or eight inches above the top of the cab.

The named defendant with this truck was employed at the time by the A. I. Savitt Construction Company on the Cross Parkway, which was then under construction in the Town of Willington.

About 10:30 in the forenoon of this day, George Kendzior, a foreman in the employ of the construction company, directed the named defendant to drive the truck and to take him, the foreman, and the plaintiff and one Richard Moulton, both laborers, to another section of the construction work, some two miles away, for the purpose of moving some gravel. Kendzior took a seat inside the cab and the plaintiff and Moulton got into the body of the truck, the named defendant operating it. Their route took them over a state aid road which had a gravel oiled surface, smooth and dry, a distance estimated from 300 to 600 feet to Route No. 74, and thence to their destination.

Upon the right side of the state aid road as one approaches Route 74, and 40 feet from the line of the intersection of these roads, there is located a stop sign. The plaintiff and Moulton were riding in the body of the truck, standing near the forward end. The truck attained a speed, according to some of the evidence, of from 35 to 40 miles per hour, and the plaintiff, who had been riding facing forward, because of the wind, turned around and rode backwards standing close to the

planks across the forward end of the body of the truck. The driver, the defendant Stephen Wiecenski, proceeded past the stop sign without stopping, when he applied the brakes and brought the truck to a sudden stop well in the intersection, the effect of which was to throw Kendzior, who was sitting beside the driver, forward from his seat and to impulsively protect himself by putting his hands out and against the instrument board in front of him. The plaintiff was thrown forward, the small of his back coming over the upper edge of the plank and the back of his head coming in contact with the top of the cab and he would have been projected to the ground had not Moulton, who was standing beside him, grabbed his legs and prevented a fall. The plaintiff was severely injured.

The defendant claimed that the plaintiff was contributorily negligent in the manner in which he was riding, as a matter of law; that he assumed the risk and that his conduct was characterized by a reckless disregard of his own safety and that *Hinch vs. Elliott,* 119 Conn. 207, is decisive of this case, and that the motion to set aside the verdict should be granted.

In the case referred to the plaintiff was riding sitting on the front fender of a Chevrolet roadster with her feet upon the front bumper; they were traveling upon a street which carried a considerable traffic; the roadster had a rumble seat in which the plaintiff more safely could have ridden; a collision with another vehicle occurred and the plaintiff was thrown to the ground and injured. The rate of speed was similar to that in the instant case. In the instant case the truck was not provided with any seating arrangement for the plaintiff; he was standing in the body, as is a common practice in like circumstances; there was no collision; they were traveling upon a smooth street whereon there was no traffic and no condition requiring or indicating any occasion for a sudden stop.

The circumstances are unlike those in the *Hinch vs. Elliott* case and the rule there laid down is not the rule to be applied in the instant case.

The question of contributory negligence was a question of fact for the jury to decide, and it decided that question as is indicated by its verdict and its answer to the interrogatory. In that answer it follows that since it found that the plaintiff was not contributorily negligent, it must have found that he was not recklessly disregarding his own safety.

The causation of the plaintiff's injuries was the sudden stopping of the truck at the speed at which it was traveling and the stopping under circumstances that indicated no occasion to stop. The facts gave rise to a strong inference, reasonably to be drawn by the jury, that the defendant operator, after passing the stop sign, suddenly thought of having passed it, and, as suddenly, applied the brakes.

The defendant has made the further claim of assumption of risk—that riding backwards while standing in the body of the truck, a vehicle not designed for the transportation of passengers, he should have foreseen the risk of injury which was involved by so riding. The court in *Cosgrove vs. Shusterman,* 129 Conn. 1, 7, said: "As regards injuries due to the ordinary incidents of traffic conditions, that would probably be so. But where the injuries are brought about by reason of unusual circumstances not ordinarily incident to traffic conditions, the injuries may not be the normal or natural result of the negligence. For example, were the injuries due to the sudden breaking of the steering gear of a car passing on a course far enough from the Shusterman car so that except for this occurrence the decedent would not have been injured, or to his being struck by a passing car as he leaned back to avoid an attempt by Shusterman to push him off, it could properly be found that the happening was one out of the natural train of cause and effect as regards the decedent's negligence in riding as he did, and so that this negligence was not the proximate cause of his injury. Similarly, upon the evidence here, the jury could have found that Shusterman in turning into Zion Street made so wide a swing that the front of his car was some 14 feet from his right hand curb, that the driver of the Carlson truck should have given him the right of way but failed to do so and furthermore that except for the unreasonable speed of the Carlson truck the collision would not have occurred. With these facts as a basis the jury could properly have concluded that the decedent's injury was due not to his position on the running board but to the concurring negligent acts above recited, of the two drivers. In other words, they could reasonably have concluded that these were circumstances the happening of which was out of the ordinary and that the decedent's injury was not a normal result of his negligence in riding on the running board." As the court in the *Cosgrove* case, *supra,* said, so in the instant case "they" [the jury] "could reasonably have concluded that these were circumstances [the sudden ap-

plication of brakes and stopping of the truck] the happening of which was out of the ordinary and that the decedent's [in the instant case, plaintiff's] injury was not a normal result of his negligence in riding on the running board" [in the instant case riding backwards standing in the body of the truck].

In the instant case the plaintiff is chargeable in the manner in which he rode, with the assumption of the risk incident to such hazards as were presented by the normal or usual operation of the truck. He is not chargeable with the hazards that were presented by the abnormal or unusual incidents in the operation of the truck. The sudden application of brakes and the sudden stopping of the truck, resulting in throwing the foreman forward from his seat in the manner described by the witness and throwing the plaintiff over the edge of the plank, as described, was an abnormal and unusual incident in the reasonably to be expected operation of the truck and was one that the plaintiff could not, in reason, be expected to foresee, and there was no assumption of risk that could, in reason, be charged to him. *Cosgrove vs. Shusterman, supra.*

The defendant complains that the verdict was excessive and moves to set it aside upon that ground. The plaintiff is a very seriously injured man and his injuries are permanent. He is 33 years of age, a dairy farmer and laborer, fitted only for heavy labor which he no longer can engage in. He is fitted only for light work such as operating an elevator or other like work. He has done what he could to minimize his damages; there was no indication during the trial of any attempt to aggravate his injuries or exaggerate the damages. It was apparent in his walk, in his seating himself in a chair or arising from a chair and in his motions, that his injuries were unusual and severe. The verdict was carefully and amply considered, it was well within the realm of compensatory damages. It is not a verdict that, in good conscience, I would order a remittitur of any part.

The motion to set aside is denied.